## No. 9724.

THE STATE EX REL. JOHN HEPTING ET AL. VS. N. H. RIGHTOR, JUDGE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

1. A judgment of this Court, the execution of which is made to depend upon a protestative condition, and dependent on an event which it is in the power of one of the parties to bring about, or to hinder, cannot be executed until it is first determined whether the condition or event has transpired within the time fixed and limited in the decree.

2. The ascertainment of the fact whether the condition on which the execution of said. judgment is made to depend, is a judicial one, and cannot be ascertained or determined in a mandamus proceeding.

3. One having resorted to a judicial proceeding by rule to show cause taken on the inter-- ested party, who joined issue by answer, and the introduction of proof with regard to-. the performance of said condition, cannot, after an adverse judgment thereon, with- draw therefrom and resort to a mandamus to obtain his desired relief.

# A PPLICATION for Mandamus.

### *J. S. & J. T. Whitaker* for the Relators:

The duties of inferior courts in executing the decrees of the Supreme Court are simply ministerial. They cannot prevent the clerk from issuing process deemed necessary by the party who has prevailed or by his attorney. Their sole power is to order to be en-- tered upon the minutes of the Court such mandates and to declare them executory. Acts of 1855, p. 51; Revised Statutes of 1870, sec. 464; State ex rel. Bovee vs. Herron, 24 Ann. 619: Cox vs. Thomas, 11 La. 369; Lovelace vs. Taylor, 6 Rob. 92.

Inferior courts are without power to change the terms of the decrees of the Supreme Court, and where no ambiguity exists in said decrees to stay their execution. Milliken vs. Rawley, 3 Rob. 253; Rightor vs. Winter, 14 La. 548; Morrison vs. Winberly, 14 Ann 713; Avery vs. Police Jury, 15 Ann. 223.

The taking of a rule (when so ordered by the court) to set aside an *ex parte* order illegally issued is not a compliance with the same, or an acquiescence in said order.

There can be no appeal taken from final decision of the Supreme Court. Lovelace vs. Tay. lor, 6 Rob., p. 92; Cox vs. Thomas, 11 La p. 369; State of Louisiana ex rel. Villavas vs. Judge, 20 Ann. 521.

The supervisory power of this Court is enlarged and extended by Article 90 of the presen. Constitution. State ex rel. Murray vs. Lazarus, Judge, 36 Ann. 578.

### *Kennard, Howe & Prentiss* for the Respondent:

1. The questions submitted by the rule of May 6, 1885, the answer thereto and the evidence- were judicial in their character, and the action of the respondent in discharging the. rule was judicial. His duty was not ministerial. No mandamus can lie to review or reverse his judgment. 36 Ann. 112; 34 Ann. 1016, 1114; 32 Ann. 977; 33 Ann. 268.

2. The remedy of relators, if any, is by appeal. 7 Rob. 442; 19 Ann 4.

3. Reasons for judgment form no part of the judgment. It is the judgment which shows- as matter of record what was decided, and this rule applies "even where the judgment. is not a logical sequence of the opinion." 12 Ann. 737; vide 19 La. 324; 14 Ann. 446; 18 La. 14; 14 Ann. 767. But apart from this, the reasons of the judge show that the rule was properly discharged.

4. Even if the relators' construction of the reasons could be admitted, yet the judge, if he found that the decree had been complied with, though in a dilatory manner, could dis-- charge the rule at the defendants' costs. He would not be bound to remove a track merely that it might be put down again in the same place.

5. If any mandamus could issue herein, which is denied, it should only issue to compel the respondent to take up and decide the rule on the evidence, *de novo*, to the end that the- railway company might be heard before respondent, and take such other steps as might- be justified by the rules of practice.

The opinion of the Court was delivered by

WATKINS, J. In *John Hepting et al.* vs. New Orleans Pacific Railway-

Company, 36 Ann. 898, the following decree was rendered, viz: "and it is now ordered, adjudged and decreed, that the defendant, the New Orleans Pacific Railway Company, be and it is hereby required to *reconstruct* the track of its road through Third street in the villages of Gretna and Mechanicsham, in the parish of Jefferson, in such manner that the line of the track shall be parallel with the buildings fronting on said street, and as near the centre of said street as practicable, and on a level with said street, or at so slight an elevation above the same as to admit at all places the easy and convenient crossing of the track of the road by vehicles.

"It is further ordered and decreed, that such reconstruction of the track of said road through said street, in the manner above set forth, shall be completed or the track entirely removed therefrom *within three months following the rendition of this judgment,* and that *in default of such reconstruction or removal,* the defendant company be prohibited from using said track; reserving to the plaintiffs, *in the event of a non-compliance with this judgment, to have the track removed by the lower court through the sheriff,* at the expense of the defendant."

It is conceded that the three months delay, within which defendant company was required to reconstruct its track, expired on the 17th of February, 1885.

On the 18th of same month, counsel for the railway company filed in the Civil District Court and in said cause a certificate of the deputy surveyor to the effect that he had "assisted in, examined and inspected the work done by the defendant company in the reconstruction of the track * * * in pursuance of said decree, and that said decree has been fully and fairly complied with by said work."

On the same date, respondent judge entered the following order, viz: "On motion of Kennard, Howe and Prentiss, attorneys for defendant, and suggesting that the decree of the Supreme Court rendered herein—and which became final on the 17th of November, 1884—has been duly executed and satisfied by the payment of the costs, and the performance of the work required by the said decree *within the time specified therein,* as by annexed receipt, certificates and affidavits will appear; said certificate being *signed by some of the plaintiffs herein,* and by other citizens of Gretna and Mechanicsham, it is ordered that this motion, suggestion and documents be filed herein and put of record; and that *no further process issue herein against defendant except on notice to and rule on said defendant."*

On the 5th of May, 1885, W. H. Staub, deputy clerk of the Civil District Court issued an informal writ addressed to the sheriff in the

NEW ORLEANS, MAY, 1886.                                561

suit of Hepting et al vs. New Orleans Pacific Railway Company, in which occurs the following recital, viz: "Now, inasmuch as *we are advised by plaintiff*, that defendant has not complied with said judgment, either as to the reconstruction or removal of said track, we therefore command you to execute the above decree, prohibiting said defendants from the use of said track, and we require you to remove the same at the cost of said defendants," etc.

This writ is not preceded by an order of "the court," and it bears no endorsement showing it to have been received by the sheriff, and it has no seal affixed.

On the following day plaintiffs in that suit obtained from the respondent judge an order directing defendant to show cause on the 15th of May inst. at 11 o'clock a. m., why the sheriff of the parish of Jefferson should not forthwith execute the decree of this Court and remove said track, " on the issuance to said sheriff of the *usual* process, in such case made and provided."

Respondent returns that, to this rule to show cause, defendant's counsel filed an answer "denying non-compliance with the decree and averring compliance;" and upon the issue joined testimony was taken for both parties, the oral testimony alone amounting to over eight hundred pages, and whereby "it was established by the railway company that it had, between November 17, 1884, and February 17, 1885, reconstructed its track."

He further returns that he "heard this mass of testimony with attention, and after an argument, which consumed about three days, took the matter under advisement," and becoming satisfied that the decree of this Court had been complied with by defendant company within the delay specified therein, and had reconstructed its track, he discharged the rule.

At this stage of the proceedings, relators—who are plaintiffs in the original suit—alleging the expiration of the delay, the default of the defendant company, and *respondent's want of authority* to interpret the decree of this Court " *as he has done*," and averring that his duties were *ministerial* only, said that he "could not render any judgment that would authorize or make an appeal necessary; and * * * they have no relief nor remedy by order, or process of law; nor have they any right of appeal in the premises, and that a writ of mandamus is necessary in order to prevent a denial of justice;" and they pray accordingly that a writ of mandamus issue to the respondent judge commanding him to issue an order to the sheriff of the parish of Jefferson to prohibit defendant from using its railway track, and to remove the same.

Respondent submits that the questions thus necessarily decided by him are judicial, and that his duties in the premises are not ministerial, and that the decision which he made cannot be reviewed in a proceeding by mandamus.

In this view of the question decided by him, we think respondent is correct; and that the relief sought by relators cannot be granted them.

Their proceeding by rule on the N. O. Pacific Railway Company to show cause; their participation in the trial thereof; and their introduction of testimony upon the issues joined thereon, necessarily subject them to the rule entered by the respondent judge on the 18th of February, 1885, and to his discharge of the same on the 8th of March, 1886.

Neither can be revised by a mandamus. Such is not the province of this Court.

In State ex rel. E. K. Bryant et al. vs. N. H. Rightor, judge, 36 Ann. 112, this Court said of this writ: "The writ issues to proceed, not to recede; to do, not to undo." 33 Ann. 268; 35 Ann. 765.

In State ex rel. Wise vs. Taylor, 32 Ann. 977, this Court held: "The judge of a district court cannot be compelled by mardamus to issue an order of seizure and sale."

This Court has refused to compel a judge of an inferior court, by mandamus, to grant a writ of injunction and of sequestration. 28 Ann. 905, State ex rel. Beebe vs. Judge; 31 Ann. 794, State ex rel. Prados vs. Judge; 32 Ann. 549, State ex rel. City vs. Judge.

The peremptory mandamus prayed for is refused.